FILED
United States Court of Appeals
Tenth Circuit

June 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL DOYLE,

   Plaintiff−Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO,

   Defendant−Appellee.

No. 12-1113
(D.C. No. 1:12-CV-00652-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Michael Doyle, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision to construe his Fed. R.

Civ. P. 60(b) claims as unauthorized second or successive 28 U.S.C. § 2254 habeas

claims and dismiss them for lack of jurisdiction. We deny a COA and dismiss the

matter.

Mr. Doyle pleaded guilty in 2002 to second degree murder. He was sentenced

to eighteen years in prison. In 2007, he filed a § 2254 habeas petition. The district

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied the petition as time-barred, and we denied Mr. Doyle's request for a COA. *See Doyle v. Archuleta*, 370 F. App'x 934, 936 (10th Cir. 2010).

In March 2012, Mr. Doyle filed a new complaint in district court seeking relief from his state court conviction through Rule 60(b). The district court dismissed the action for lack of jurisdiction because Mr. Doyle's claims were unauthorized second or successive § 2254 habeas claims. He now seeks a COA to appeal from that dismissal. To obtain a COA, Mr. Doyle must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Doyle does not address how the district court was incorrect in its procedural ruling to dismiss his unauthorized second or successive § 2254 claims for lack of jurisdiction. Instead, Mr. Doyle argues the merits of his claims, asserting that the state trial court lacked subject matter jurisdiction over his second degree murder charge, and that he is entitled to habeas relief based on actual innocence. *See* Aplt. Br. at 3-4; Memo. in Support at 4-15. But Mr. Doyle filed his first habeas petition in 2007 and he may not file second or successive § 2254 habeas claims unless he first obtains authorization from the circuit court. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of second or successive § 2254 habeas claims. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In its decision, the district court explained that Rule 60(b) is a rule of civil procedure and it does not permit a federal district court to grant relief from a state court judgment. As a result, the district court construed the Rule 60(b) claims as § 2254 habeas claims. The district court noted, however, that Mr. Doyle did not have authorization to file his second or successive § 2254 claims. Under these circumstances, the district court could dismiss the claims for lack of jurisdiction or transfer them to this court. *See Cline*, 531 F.3d at 1252. The district court decided that it was not in the interest of justice to transfer the claims to this court because none of the claims would meet the requirements for authorization set forth in 28 U.S.C. § 2244(b)(2). The district court therefore dismissed the action for lack of jurisdiction.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Doyle's Rule 60(b) claims as unauthorized second or successive § 2254 habeas claims and to dismiss them for lack of jurisdiction. Accordingly, we DENY a COA and DISMISS this matter. We also DENY Mr. Doyle's motion to proceed on appeal in forma pauperis because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the

issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
